E-FILED
Friday, 01 August, 2025  04:58:03 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

MIDWEST RENEWABLE ENERGY, LLC,
individually and on behalf of all others
similarly situated,

    Plaintiff

  v.

ARCHER DANIELS MIDLAND COMPANY,

    Defendant.

Case No. 2:20-cv-02212

Hon. Colin S. Bruce
Magistrate Judge Eric I. Long

## JOINT STATUS REPORT

   Pursuant to the Court's text order dated May 17, 2024, the parties respectfully submit this Status Report with their respective positions as follows:

**Plaintiff's Position**

   1.  Plaintiff agrees with Defendant that a status conference is appropriate.  At such status conference, Plaintiff will respectfully submit that the stay of discovery in effect in this Action should be lifted, and the Parties should be permitted 150 days to complete discovery herein. Plaintiff met and conferred with Defendant Archer Daniels Midland ("Defendant") on July 31, 2025. Plaintiff understands from this communication that Defendant believes the decision by the Court of Appeals in *United Wisconsin* "requires that your case be dismissed". Plaintiff disagrees with the (very) limited reasoning provided by Defendant in support of this assertion.

   2.  To the contrary, it is clear that the holding in *United Wisconsin* is based on allegations which *United Wisconsin* wholly failed to make, but which the Court has already found that Plaintiff herein did plausibly make. Compare *United Wisconsin Grain Producers LLC,*

1

*et al. v. Archer Daniels Midland Co.,* Case No. 20-CV-2314 ("*United Wisconsin*") at 10 (the element of recoupment may be satisfied by obtaining profits from higher priced sales in the cash markets, but United Wisconsin failed to allege that higher prices occurred in the cash market, *i.e.,* the same market in which ADM allegedly caused the depressed prices) *with* Order on MTD, ECF 121 at 18 (Plaintiff MRE plausibly alleged *in this Action* that Defendant achieved recoupment from higher prices in the cash markets, *i.e.,* the same market in which Defendant had engaged in predatory pricing).

3.      Plaintiff believes that the "night and day" difference between the complaint in *United Wisconsin* and MRE's complaint immediately shows that MRE complies with *United Wisconsin* whereas the complaint in *United Wisconsin* was a "total whiff" that did not come close to complying.

4.      For the foregoing and other reasons, Plaintiff believes the Court should lift the stay and discovery should be reopened for a period of 150 days. This is longer than Plaintiff requested prior to the stay.  As Plaintiff previously informed the Court, the following open discovery (among other items) remains to be completed in this Action. Discovery relating, among other things, as to whether:

(i)      ADM's ethanol sales prices were below its relevant costs;

(ii)     ethanol producers were forced to exit, or were in imminent danger of doing so;

(iii)    exiting producers were participants in the relevant market;

(iv)     plant closures were permanent or temporary; and

(v)      ADM caused higher prices beginning by early 2020.

MRE Opposition to Stay, ECF 130, p. 10.

2

5.    In addition to the previously identified discovery, the ground and circumstances relating to ADM's ethanol misconduct have shifted substantially since the time the stay order was briefed and entered.

6.    This is because of government investigations, civil complaints, and a ruling finding plausible the allegations that ADM misrepresented the financial results of its carbohydrates solutions (the division involving ethanol) in its public securities law-required filings so as to inflate the price of ADMs stock from at least April 30, 2020 through January 21, 2024. *See e.g., Chow v. ADM,* 24-cv-00634 ("*Chow*"), ECF 109, Memorandum and Order dated March 12, 2025, pp. 4, 7-8 (finding it plausible that ADM made false statements in violation § 10(b) of the Securities Exchange Act of 1934 and Securities and Exchange Commission Rule 10b-5); (ADM's stock price fell from $90 to $35 per share after the truth was revealed, *i.e.,* the market capitalization accorded to ADM's earnings power plummeted by 60+%).

7.    Obviously, underpriced sales of ethanol followed by reporting of overpriced sales of ethanol, will directly lead to an increase in earnings growth which imply a more valuable profit generating enterprise and leads to higher bonuses for the executives.

8.    For this and other reasons, Plaintiff has identified additional document and deposition discovery which it will send out and seek to take after the stay is lifted concerning ADM's depression of ethanol prices during the class period followed by inflation of ethanol prices and of ADM's reported earnings after the Class period. Such conduct was supervised by the same key executives who profited on their bonuses from such illicit course of conduct.

9.    For all the foregoing reasons, Plaintiff respectfully disagrees with Defendants' characterization that this case is "nearly identical" with *United Wisconsin*. The fact that the Court upheld the claims here and dismissed the claims in *United Wisconsin*, without more, indicates

that the cases are materially different. Further, Plaintiff has submitted very extensive expert reports which captured significant conduct that was not known at the time of the pleadings. For the foregoing and multiple other reasons, Plaintiff respectfully disagrees with additional characterizations by ADM which seek to homogenize the Complaint and record here with that present in *United Wisconsin*.

### **ADM's Position**

The Court granted ADM's motion (Dkt. 126) for a stay of this case pending resolution of plaintiffs' appeal in *United Wisconsin v. ADM* (Case No. 2:20-cv-02314 (C.D. Ill.); 22-02993 (7th Cir.) because the two cases are nearly identical. The alleged conduct is the same, and plaintiffs in both cases brought antitrust claims based on the same theory of predatory pricing. The Seventh Circuit has now rejected their theory and reiterated the standard for such claims by affirming this Court's dismissal of *United Wisconsin*. *United Wisconsin Grain Producers v. Archer Daniels Midland*, 2025 WL 2017271 (7th Cir.).

ADM maintains that the claims in this case should be dismissed with prejudice. If MRE insists on continuing to pursue its case, ADM requests the Court allow it to move to dismiss the Amended Complaint in light of the Seventh Circuit's decision, while maintaining the stay in the case.

As to the allegations and requests set forth in Plaintiffs' section of the status report, ADM disagrees with their veracity and reasonableness. ADM would like the opportunity to be heard on these issues before the Court determines the next steps in this case and respectfully requests a status conference.

WHEREFORE, ADM respectfully requests that this Court permit ADM to file a Motion to Dismiss the Amended Complaint, with the parties to confer on an appropriate briefing

schedule after the Court's order. ADM also requests a status conference with the Court to discuss Plaintiff's requests.

Dated: August 1, 2025

Respectfully submitted,

By: */s/ Stephen V. D'Amore*

Stephen V. D'Amore
Scott P. Glauberman
Maureen L. Rurka
Samantha M. Lerner
Matthew R. DalSanto
Reid F. Smith
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
sdamore@winston.com
sglauberman@winston.com
mrurka@winston.com
slerner@winston.com
mdalsanto@winston.com
rfsmith@winston.com
T: (312) 558-5600
F: (312) 558-5700

*Counsel for Defendant*
*Archer Daniels Midland Company*

*/s/ Christopher Lovell*

Christopher Lovell
Benjamin M. Jaccarino
**LOVELL STEWART HALEBIAN**
**JACOBSON LLP**
500 Fifth Avenue, Suite 2440
New York, NY 10110
Tel: (212) 608-1900
clovell@lshllp.com
bjaccarino@lshllp.com

Marvin A. Miller
Andrew Szot
**MILLER LAW LLC**
115 South LaSalle Street, Suite 2910
Chicago, IL 60603
Tel: (312) 332-3400
mmiller@millerlawllc.com
aszot@millerlawllc.com

Joshua H. Grabar
**GRABAR LAW OFFICE**
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (267) 507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

  I hereby certify that on August 1, 2025, I caused the foregoing to be served on all counsel of record by filing it with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to all counsel of record.

Dated: August 1, 2025

By: */s/ Stephen V. D'Amore*     
Stephen V. D'Amore
Scott P. Glauberman
Maureen L. Rurka
Samantha M. Lerner
Matthew R. DalSanto
Reid F. Smith
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
(312) 558-5600
sdamore@winston.com
sglauberman@winston.com
mrurka@winston.com
slerner@winston.com
mdalsanto@winston.com
rfsmith@winston.com

*Counsel for Defendant*
*Archer Daniels Midland Company*